FILED

NOV 1 2 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL CORNEJO, | No. C 13-02530 HRL (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| | (Docket Nos. 7, 10, 11 & 14) |

Plaintiff, a federal prisoner proceeding pro se, filed a complaint against the United States of America for the return of property pursuant to 42 U.S.C. §§ 1331 and 1346 and 26 U.S.C. § 7422. Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[1] (Docket No. 10.) Plaintiff filed opposition, (Docket No. 14), and Defendant filed a reply, (Docket No. 16).

### DISCUSSION

Plaintiff claims that Defendant "erroneously collected $114,000.00 from his bank account in September of 1992" as '[i]nterest' allegedly owed because of his tax

---

[1] Defendant's motion for an extension of time to file an answer is GRANTED. (Docket No. 7.) The motion to dismiss filed on August 28, 2013, is deemed timely filed.

1  conviction pertaining to the tax years of 1979, 1980, 1981, and 1981." (Compl. at 2.)
2  Plaintiff claims that pursuant to a plea agreement, he paid $96,413.00, which included
3  "any possible fraud penalties and any interest owed," to satisfy his tax evasion charges for
4  the tax years 1979, 1980, 1981 and 1981. (Id. at 2-3.) Defendant argues that the suit
5  must be dismissed because the United States has not waived sovereign immunity and
6  consented to this suit. (Docket No. 10 at 2-3.)

7  Sovereign immunity shields the federal government and its agencies from suit.
8  See Loeffler v. Frank, 486 U.S. 549, 554 (1988); Cato v. United States, 70 F.3d 1103,
9  1107 (9th Cir. 1995). The United States, as sovereign, may not be sued without its
10 consent, and the terms of its consent to be sued in any court define that court's
11 jurisdiction to entertain the suit. See United States v. Mitchell, 445 U.S. 535, 538 (1980).
12 A waiver of sovereign immunity cannot be implied but must be unequivocally expressed.
13 Id. at 538. If immunity has not been waived, the court lacks jurisdiction over the subject
14 matter of the action and must dismiss the suit. See Hutchinson v. United States, 677 F.2d
15 1322, 1327 (9th Cir. 1982).

16 Plaintiff claims this court has jurisdiction under 26 U.S.C. § 7422(a). (Compl. at
17 2.) Defendant agrees that § 7422 grants a waiver of sovereign immunity to permit
18 jurisdiction under 28 U.S.C. § 1346 for tax refund actions. (Mot. at 3.) However,
19 Defendant asserts that in order to maintain a tax refund action, Plaintiff was required to
20 file a timely administrative claim for refund with the Internal Revenue Service ("IRS").
21 (Id.) A timely filed administrative claim in this context would be one that is filed "within
22 three years of the time the return was filed or two years of the time the tax was paid,
23 whichever is later." (Id. at 3-4, citing Yuen v. United States, 825 F.2d 244, 245 (9th Cir.
24 1987).) It is undisputed that the alleged overpayment at issue occurred in September
25 1992. As such, Defendant argues that Plaintiff had until September 1994 to file a timely
26 administrative claim for refund. However, the complaint shows that Plaintiff wrote to the
27 IRS regarding the overdrawn funds at issue for the first time in 2010, more than 17 years
28

after the alleged overpayment occurred.[2] (See Compl. ¶ 9.) Assuming that a letter qualifies as an administrative claim for refund, the claim is untimely by 15 years.

In opposition, Plaintiff asserts that the limitations period for this action should start running from the time he "ha[d] a reasonable opportunity to discover all essential elements of the possible cause of action." (Opp. at 3, citing 26 C.F.R. § 301.74331.) Plaintiff claims that the IRS never served him with a "levy notice" prior to confiscating the funds from his bank account, and that he only became aware that it was the IRS – not the U.S. Attorney – who had withdrawn the specific funds at issue in 2010. (Id.)

In reply, Defendant points out that Plaintiff's reliance on 26 C.F.R. § 301.74331 is misplaced because that section applies to suits brought pursuant to 26 U.S.C. § 7433 and Plaintiff's cause of action is brought pursuant to § 7422(a). (Reply at 3.) Suits brought under § 7433 must be brought within two years of the date "the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." (Id., citing 26 C.F.R. § 301.7433-1(g)(2); 26 U.S.C. § 7433(d)(2). Assuming arguendo that this section does apply to Plaintiff's claim, it appears from the complaint and exhibits thereto that February 2010 was the earliest time that Plaintiff became aware that the funds at issue were withdrawn by the IRS.[3] (See Compl., Ex. G at 1.) However, Plaintiff did not file this action until June 2013, which was beyond the two year period provided by § 7433(d)(2). Therefore, Plaintiff's claim is untimely even under his proffer of § 301.74331 as the applicable statute for filing a timely action.

Because it is clear that Plaintiff's claim is untimely and the United States has not consented to this suit, the Court lacks jurisdiction over this matter. See Hutchinson, 677

---

[2] As Exhibit G to his complaint, Plaintiff provided a copy of his letter to the IRS Commissioner dated May 24, 2010, claiming that the IRS "overzealously confiscated" funds and applied them towards "'interest.'" (Compl., Ex. G at 1-2.)

[3] At the beginning of his letter dated May 24, 2010, Plaintiff mentions a previous letter he had written in February 2010; Plaintiff did not provide a copy of this earlier letter with his complaint. (Compl., Ex. G at 1.)

F.2d at 1327. Accordingly, Defendant's motion to dismiss this action under Rule 12(b)(1) is GRANTED.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED with prejudice for lack of subject matter jurisdiction.

Plaintiff's motion requesting copies of administrative files, (Docket No. 11), is DENIED as moot.

This order terminates Docket Nos. 7, 10, 11 and 14.

**IT IS SO ORDERED.**

DATED: 11/12/13

HOWARD R. LLOYD
United States Magistrate Judge